# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF PACIFIC MARITIME FREIGHT, INC., *dba* PACIFIC TUGBOAT SERVICE, A CALIFORNIA CORPORATION, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.: 3:17-CV-2441-MMA-BGS<br><br>**ORDER GRANTING CLAIMANT'S MOTION TO DEFAULT ALL NON APPEARING CLAIMANTS, LIFTING INJUNCTION, AND STAYING ACTION**<br><br>[Doc. No. 18] |

Pacific Maritime Freight Inc., doing business as Pacific Tugboat Service ("PTS" or "Limitation Plaintiff"), brings this action pursuant to the Limitation of Vessel Owner's Liability Act ("the Limitation Act" or "the Act"), 46 U.S.C. § 30501 *et seq.*, seeking exoneration from or limitation of liability for claims arising from an August 14, 2016 incident involving the M/V Chief. *See* Doc. No. 1. The Court admonished all persons asserting claims subject to limitation under the Act to file their claims with this Court, and enjoined all other actions with respect to such claims, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("the Supplemental Rules"). *See* Doc. No. 4; 46 U.S.C. § 30511; Fed. R. Civ. P. F(3). Pursuant to Rule F(4), the Court set a deadline of January 16, 2018, which it later extended to March 1, 2018, to file any claims

against PTS arising from this incident. *See* Doc. No. 4; Fed. R. Civ. P. F(4). Candy Wimbley ("Claimant") filed an Answer and Counterclaim against PTS asserting causes of action for claims arising from the August 14, 2016 incident. *See* Doc. Nos. 13, 14. Claimant now moves to default all non-appearing claimants, lift the injunction restraining other actions, and stay this action pending her pursuit of relief in state court. *See* Doc. No. 18. For the reasons set forth below, the Court **GRANTS** Claimant's Motion, **LIFTS** the injunction, and **STAYS** this action.

## BACKGROUND

On or about August 14, 2016, a fire broke out on board the M/V Chief (the "vessel") while it was moored alongside the PTS pier in San Diego Bay. *See* Doc. No. 1 ¶ 2, 8. Henry Wimbley, Jr. ("Wimbley" or "decedent"), a PTS employee, was aboard the vessel, and perished as a result of the fire. *See id.* PTS, as owner and operator of the vessel at the time of the incident, filed a complaint in admiralty seeking limitation of liability for claims arising from the incident pursuant to the Limitation Act on December 5, 2017. *See id.* ¶ 17; 46 U.S.C. § 30505. PTS simultaneously filed an application for an injunction barring all other actions with respect to claims subject to limitation under the Act, pursuant to the Act and Rule F of the Supplemental Rules. *See* Doc. No. 3; 46 U.S.C. § 30511; Fed. R. Civ. P. F(3).

On March 1, 2018, Claimant Candy Wimbley, as administrator and personal representative of decedent's estate, filed an Answer and Counterclaim against PTS on behalf of the estate seeking damages under admiralty and state law causes of action. *See* Doc. Nos. 13, 14. Claimant alleges that PTS's negligence resulted in decedent's injuries and death, while PTS contends that decedent's lit cigarette and negligent conduct were the only causes of the fire and death. *See* Doc. Nos. 1 ¶ 8, 14 ¶ 40.

On May 1, 2018, Claimant filed a motion to default all non-appearing claimants, lift the injunction restraining other actions, and stay this action while she pursues her claims in state court. *See* Doc. No. 18. PTS filed an Opposition to this Motion, arguing

that Claimant has no standing in this action, to which Claimant replied. *See* Doc. Nos. 25, 26.

### **LEGAL STANDARD**

Article III, § 2, of the United States Constitution vests federal courts with original jurisdiction over all cases of admiralty and maritime jurisdiction. U.S. CONST. art. III, § 2. The Judiciary Act of 1789 codified this grant of exclusive admiralty and maritime jurisdiction, but included a "savings to suitors" clause, which the Supreme Court has since construed as granting state courts concurrent jurisdiction over some admiralty and maritime claims and preserving the right to pursue common law remedies in such actions. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 439 (2001); 28 U.S.C. § 1333(1). Pursuant to the savings to suitors clause, litigants in admiralty and maritime actions are not necessarily limited to pursuing only those remedies recognized by substantive admiralty and maritime law, which may differ from those available under common law. *Lewis*, 531 U.S. at 439. Admiralty and maritime laws also provide unique rights and procedures not available under traditional common law, such as the rights afforded under the Limitation Act. *See* 46 U.S.C. § 30505.

Congress passed the Limitation Act to encourage investment in the ship-building industry by protecting owners from excessive liability for claims related to their vessels. *Lewis*, 531 U.S. at 446. The Act provides that an owner's liability for certain claims related to the vessel "shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30505. Claims subject to limitation under the Act are "those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." *Id.* The Act authorizes a vessel owner to petition a district court sitting in admiralty jurisdiction for limitation of liability. *Id.*

The Act further provides that when an owner properly brings a complaint seeking limitation, "all claims and proceedings against the owner related to the matter in question

shall cease." *Id.* Rule F of the Supplemental Rules implements this provision by requiring that "on application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P. F(3).

The Limitation Act and Rule F operate together with 28 U.S.C. § 1333 to give federal courts exclusive jurisdiction to determine whether a vessel owner is entitled to limited liability. *See* 46 U.S.C. § 30511; Fed. R. Civ. P. F(3); 28 U.S.C. § 1333(1). However, the Limitation Act and the savings to suitors clause may conflict "because one gives suitors the right to a choice of remedies while the other gives vessel owners the right to seek limited liability in federal court." *Lewis*, 531 U.S. at 439. The Supreme Court has recognized two exceptions to vessel owners' general right to consolidate claims in a limitation action in federal court, carved out of the Limitation Act by the savings to suitors clause. *See id.* Claims may proceed outside a limitation action where (1) there is only a single claimant in the action, or (2) the total value of the claims does not exceed the value of the limitation fund. *Id.* By requiring certain stipulations of claimants, courts can permit claimants to pursue common law remedies in state court while also protecting vessel owners' rights to seek limited liability under the Act where either of the two foregoing scenarios arises. *See id.* Where one of these exceptions applies and a claimant makes the requisite stipulations to protect the owner, a district court abuses its discretion in declining to dissolve a previously granted injunction against all other actions. *Langnes v. Green,* 51 S.Ct. 243, 247 (1931).

### DISCUSSION

#### *1. Entry of Default as to Non-Appearing Claimants*

As an initial matter, PTS does not oppose Claimant's motion in so far as she seeks entry of default as to all non-appearing claimants. *See* Doc. No. 25. At the outset of this action, pursuant to Rule F(4), the Court set a deadline for all persons to file any claims against PTS arising from the August 14, 2016 incident. That deadline expired after March 1, 2018, and Rule F(5) states that all claims "shall be filed and served on or before

4

the date specified in the notice provided for in subdivision (4) of this rule." *See* Doc. No. 7; Fed. R. Civ. P. F(4)-(5). At this time, all non-appearing claimants have "failed to plead or otherwise defend" in the present action, and therefore entry of default is appropriate under Federal Rule of Civil Procedure 55(a). *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The Court will direct the Clerk of Court to enter default accordingly.

### *2. Claimant Has Standing in This Action*

PTS opposes Claimant's motion to stay this action on the grounds that factual issues as to Claimant's standing must be resolved before the Court can rule on Claimant's motion. *See* Doc. No. 25. PTS asserts that "if the Claimant is not the 'personal representative' [of the decedent]…, Claimant has no standing in this matter." *See id.* As PTS points out, "the term personal representative requires some designation by a court that the individual seeking to prosecute the wrongful death action is an administrator of the decedent's estate." *Complaint of Cosmopolitan Shipping Co., S.A.,* 435 F. Supp. 255, 266 (S.D.N.Y. 1978). Claimant has provided documentation showing that the Superior Court of North Carolina appointed Claimant Candy Wimbley the personal representative of decedent's estate, thus resolving any issue as to Claimant's representative status. *See* Doc. No. 26-1; *id*. PTS also contends that if the decedent was not a "seaman" under applicable admiralty law, Claimant has no standing in this action. *See* Doc. No. 25. PTS argues that only a seaman or his estate has standing to request the Court action sought in Claimant's motion. *See id*. However, Decedent's seaman status does not bear on Claimant's Article III standing in this matter.

Article III standing requires (1) the allegation of an actual, concrete, and particularized injury; (2) that the alleged injury is fairly traceable to the challenged party; and (3) that a favorable decision is likely to redress the alleged injury. *Lujan v. Defenders of Wildlife*, 112 S.Ct. 2130, 2136 (1992). Claimant, in her representative

capacity, has alleged concrete and particularized injuries to the decedent and his estate, including pecuniary injuries resulting from Mr. Wimbley's death. *See* Doc. No. 14 ¶ 52, 68. She has also alleged that PTS's negligence caused these injuries. *See id.* ¶ 50. Finally, a favorable judgment as to damages would redress the alleged pecuniary injuries to the estate. *See Massachusetts v. EPA*, 127 S.Ct. 1438, 1458 (2007). Claimant therefore has Article III standing in this action.

The Court need not consider the issue of the decedent's seaman status to rule on Claimant's motion. *See In re McCarthy Bros. Co. / Clark Bridge*, 83 F.3d 821, 826-33 (7th Cir. 1996). In considering a motion to dissolve an injunction barring other actions during a limitation proceeding, a district court should not evaluate the merits of the limitation action. *See id.* The Seventh Circuit in *McCarthy Bros* found a district court erred in considering a claimant's maritime employment status in its decision not to dissolve a limitation action injunction. Here, the decedent's seaman status is an issue of fact as to the merits of Claimant's Jones Act and Unseaworthiness claims, which the Court does not address in ruling on the current motion. *See id*.

Even if the merits of Claimant's admiralty claims were relevant to standing under the Limitation Act, as PTS suggests in its Opposition, the decedent's seaman status has no bearing on the merits of Claimant's Longshoreman Act or Survival Action claims, which do not limit recovery to seamen. *See* 33 U.S.C. § 902; Cal. Code Civ. Proc. § 337.30. Having filed these claims pursuant to Rule F(5), Claimant also has standing to seek a stay of this action and dissolution of the injunction barring other claims. *See Am. River Transp. Co. v. United States*, 728 F.3d 839, 842 (8th Cir. 2014).

### 3. *The Single Claimant Exception Applies to this Action*

In keeping with the savings to suitors clause's preservation of common law remedies and concurrent jurisdiction, the single claimant exception permits a lone claimant in a limitation action to proceed with his or her claims in a separate action in state court upon making the requisite stipulations. *See Lewis*, 531 U.S. at 439. The Supreme Court has held that where an owner's right to seek limited liability will not be

disrupted by dissolving an injunction against other actions, a district court's failure to lift the injunction constituted an abuse of discretion. *Langnes,* 51 S.Ct. at 247.

Under the single claimant exception, dissolution of an injunction is proper where there is only one possible claimant and the claimant: (1) stipulates to the district court's exclusive jurisdiction to determine limitation of liability issues; (2) waives any *res judicata* effect of any other court's decisions with respect to limitation issues; and (3) in the event the district court finds the owner entitled to limit liability, agrees not to enforce against the owner any judgment rendered outside the limitation proceeding for damages exceeding the value of the vessel and its pending freight or corresponding limitation fund. *Lewis*, 531 U.S. at 452.

If the number of claimants in a limitation action is uncertain, one claimant's stipulation not to enforce a judgment against the vessel owner in excess of the limitation fund will not ensure an owner's right to limit liability accordingly without an injunction; other claimants not bound by the stipulation may surface, pursue additional actions, and seek to enforce judgments against the owner. *See id.* However, where there is a single claimant in a limitation action who makes the necessary stipulations, the court can allow the claimant to pursue common law remedies in a separate action without jeopardizing the owner's ability to seek limited liability under the Limitation Act. *See id.*

Here, PTS does not contest the bases on which the single claimant exception applies, and has not asserted that lifting the injunction and staying this action will impair its right to seek limited liability pursuant to the Act. As noted above, PTS does not oppose defaulting non-appearing claimants, which in turn will ensure that Candy Wimbley remains the sole claimant in this action.[1] *See* Doc. No. 25. PTS likewise does not contest the sufficiency of Claimant's stipulations for purposes of the single claimant exception. Moreover, Claimant's stipulations comport with the standard for applying the

---

[1] A representative claimant is a single claimant for purposes of this exception. *See In re Two "R" Drilling Co., Inc.,* 943 F.2d 576, 577 (5th Cir. 1991).

single claimant exception. Claimant has stipulated to the district court's exclusive jurisdiction to determine whether PTS is entitled to limit its liability pursuant to the Act, and to determine all other limitation of liability issues. *See* Doc. No. 18-3. Claimant has also waived any *res judicata* or issue preclusive effects of other courts' decisions with respect to limitation issues. Claimant further agrees not to enforce any judgment rendered outside the limitation proceeding that would expose PTS to liability in excess of the limitation fund, the value of which Claimant stipulates as equal to the combined value of the vessel and its pending freight, as determined by this Court. *See id*.

Because the Court defaults all non-appearing claimants, the single claimant exception applies to this Action, thus compelling the Court to grant Claimant's motion to lift the previously issued injunction and stay this action.

## Conclusion

Based on the foregoing, the Court **GRANTS** Claimant's motion. Accordingly, the Court **DIRECTS** the Clerk of Court to enter default as to all non-appearing claimants. The Court **LIFTS** the injunction enjoining all other actions and **STAYS** this action pending Plaintiff's pursuit of her remedies in state court.

**IT IS SO ORDERED**.

DATE: June 21, 2018

HON. MICHAEL M. ANELLO
United States District Judge